T.C. Memo. 2007-334

UNITED STATES TAX COURT

MICHAEL L. MEDKIFF, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21823-05.              Filed November 7, 2007.

Michael L. Medkiff, pro se.

<u>Jonathan H. Sloat</u>, for respondent.


MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This matter is before the Court on respondent's motion for entry of decision, as supplemented, under Rule 50.[1]

_____

[1]All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

## Background

Petitioner resided in Los Angeles, California, when his petition was filed.

During 2002 (and apparently in 2003 as well), petitioner owned a 90-percent interest in Great American Poolcare, LLC (Great American).  Great American filed a Form 1065, U.S. Return of Partnership Income, for 2002, which reported a loss of $166,743.[2]  Great American attached to its 2002 return a Form 4562, Depreciation and Amortization, that reported a tentative section 179 deduction of $21,028.  However, because of the applicable business income limitation,[3] the deduction was not claimed on Great American's 2002 return or utilized in the calculation of Great American's 2002 loss.  Instead, Great American carried over its tentative 2002 section 179 deduction to 2003.

Sometime before August 29, 2005, respondent examined petitioner's 2002 and 2003 returns, including petitioner's distributive share of Great American's 2002 net loss.  On

[2]Respondent ultimately conceded the audit adjustments to Great American's 2003 return.  Consequently, the record does not include the details of Great American's return for 2003.

[3]Under sec. 179(b)(3), the amount allowed as a deduction is limited to the taxpayer's aggregate taxable income derived from the active conduct of a trade or business.  Since Great American reported a loss, it could not claim the deduction under sec. 179. Sec. 179(b)(3)(B) allows a taxpayer to carry over an unused deduction to future years in which the taxpayer reports taxable business income.

August 29, 2005, respondent issued to petitioner a notice of deficiency that, among other things, adjusted petitioner's distributive share of Great American's net loss for 2002.

On November 18, 2005, petitioner's petition for a redetermination of deficiencies for 2002 and 2003 was filed. Petitioner alleged that respondent improperly denied auto/truck, amortization, and bad debt expenses claimed for 2002 and all other expenses claimed in 2003. The petition did not raise Great American's 2002 tentative section 179 deduction that Great American had carried over to 2003. On January 17, 2006, respondent's answer was filed. This case was calendared for trial on February 5, 2007, in Los Angeles, California.

On February 5, 2007, counsel for respondent appeared at the calendar call, announced that the parties had reached a settlement, and lodged a copy of a fully executed stipulation of agreed issues (stipulation). Neither petitioner nor a representative for petitioner appeared at the calendar call.

As pertinent to the issue before us, the stipulation states as follows:

> The parties agree that the adjustments set forth in the Notice of Deficiency * * * are settled as follows:
>
> 1. Sch. E Inc/Loss-Partnership/S-Corp adjustment of $263,380 for the 2002 year - Petitioner concedes $183,261; respondent concedes $80,119.

2.   Sch. E Inc/Loss-Partnership/S-Corp adjustment of $164,608 for the 2003 year - Respondent concedes in full.

3.   Self-employment tax and SE AGI adjustments for the 2002 and 2003 years - These are computational adjustments and will be imposed on the adjustments to Sch. E Inc/Loss-Partnership/S-Corp.

*    *    *    *    *    *    *

The stipulation also states that there are no additional issues for trial.[4]  The stipulation is signed by both petitioner and counsel for respondent.[5]

When we received the stipulation, we directed the parties to submit a stipulated decision to the Court by March 7, 2007.  On January 31, 2007, respondent mailed to petitioner a decision document reflecting the deficiency and penalty that respondent maintains results from the stipulation.  On February 17, 2007, petitioner's power of attorney, Jackson Behar, informed respondent for the first time that petitioner wanted to utilize Great American's 2002 tentative section 179 deduction in calculating petitioner's 2002 deficiency.

---

[4]Petitioner conceded the tax imposed on qualified plans for 2002 and the accuracy-related penalty under sec. 6662, neither of which affect our decision in this case.

[5]Respondent noted that on Feb. 28, 2007, the holder of petitioner's power of attorney, Jackson Behar, stated that petitioner claimed not to have signed anything.  However, respondent was not able to contact petitioner to confirm such claim, and petitioner has not raised the issue before the Court.

On March 2, 2007, respondent filed the motion for entry of decision. We ordered petitioner to file a response on or before March 30, 2007. To date, petitioner has not submitted any response to the Court.

On or about March 15, 2007, petitioner mailed to respondent a document titled "Limited Opposition to Motion To Confirm Decision; Declaration of Jackson Behar in Support Thereof" (limited opposition), but he did not file the limited opposition with this Court.[6] On March 27, 2007, respondent filed a supplement to his motion for entry of decision and included petitioner's limited opposition as an exhibit. In his limited opposition, petitioner objects to respondent's failure to include Great American's tentative section 179 expense deduction in calculating Great American's 2002 profit/loss and asserts that respondent's failure adversely affects the calculation of petitioner's income tax deficiency for 2002. However, petitioner does not dispute that he entered into the stipulation or that the stipulation reflects the settlement reached by the parties.

Neither party has requested an evidentiary hearing on respondent's motion, and we conclude that a hearing is not necessary to decide respondent's motion.

------

[6]The limited opposition was filed in the names of both petitioner and Don Ticinovich, another partner of Great American, but only lists petitioner's docket number.

## Discussion

A controversy before this Court may be settled by agreement of the parties. Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 329 (1997), affd. without published opinion 208 F.3d 205 (3d Cir. 2000). A settlement is a contract, and general principles of contract law apply in interpreting the settlement. Id. at 330 (citing Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436, supplemented by 53 T.C. 275 (1969)). A settlement may be reflected in a formal written agreement or more informally, such as in an offer and acceptance made by an exchange of letters. Id. (citing Lamborn v. Commissioner, T.C. Memo. 1994-515). Written settlement agreements are enforced as binding agreements. Id. (citing Haiduk v. Commissioner, T.C. Memo. 1990-506).

Ordinarily, once a settlement has been reached, it cannot be repudiated by either party. Id. However, we may relieve a party of an otherwise binding settlement agreement if the party can show a lack of formal consent, fraud, mutual mistake, or other similar ground. Id. at 335; Revell v. Commissioner, T.C. Memo. 2007-37; see also Stamm Intl. Corp. v. Commissioner, 90 T.C. 315, 321-322 (1988).

Both parties signed the stipulation in this case creating an enforceable, binding settlement agreement between them. Counsel for respondent notified the Court on the day of trial that a

settlement had been reached between the parties, and he lodged the stipulation on behalf of both parties. Based on the parties' representation that a settlement of all outstanding issues had been reached, we canceled the trial and set a deadline for the submission of a signed decision document.

Petitioner did not file a response to respondent's motion with this Court. On that ground alone, we could conclude that petitioner has failed to demonstrate any proper basis to relieve him of the consequences of the stipulation. However, petitioner belatedly submitted to respondent a document described as a "limited opposition", and that document has been furnished to the Court by respondent. For the sake of clarity and completeness, we address it here.

In petitioner's limited opposition, petitioner argues only that he believed the stipulation included the section 179 deduction. However, petitioner fails to indicate whether he made any attempt to verify the relevant calculation or to ascertain how Great American's 2002 section 179 deduction was actually utilized by Great American. At best, petitioner's response outlines an oversight, and at worst, petitioner's response suggests a decision not to verify timely the correctness of respondent's calculation. Under either scenario, petitioner made a mistake, and it appears that the mistake was unilateral. A unilateral mistake is an insufficient ground for disregarding a

stipulation.  <u>Revell v. Commissioner</u>, <u>supra</u>; see also <u>Dorchester Indus. Inc. v. Commissioner</u>, <u>supra</u> at 330; <u>Stamm Intl. Corp. v. Commissioner</u>, <u>supra</u> at 320-321.[7]

Petitioner did not raise any issue regarding Great American's 2002 tentative section 179 deduction in his petition, and he apparently did not raise it during settlement negotiations.  Petitioner asserted that he was entitled to the benefit of the tentative section 179 deduction only after the stipulation had already been executed and lodged with this Court and after respondent had prepared a decision document in accordance with the stipulation.  Petitioner simply waited too long to raise an issue regarding Great American's 2002 tentative section 179 deduction and its effect, if any, on the calculation of Great American's 2002 net profit/loss.

Petitioner has failed to demonstrate any proper basis for relieving him of the stipulation.  Petitioner has not shown that there was any lack of formal consent, fraud, mutual mistake, or other similar ground for disregarding the stipulation.  See

---

[7]The stipulation contains a concession by respondent that petitioner does not address but should.  In the stipulation, respondent concedes in full the "Sch. E Inc/Loss-Partnership/S-Corp. adjustment of $164,608 for the 2003 year".  The record does not disclose whether that adjustment involves Great American, but in all likelihood it does.  Great American elected to carry over its tentative sec. 179 deduction to 2003.  Petitioner does not trace the use of the 2002 sec. 179 deduction by Great American and does not explain how the deduction was handled on Great American's 2003 return.

<u>Dorchester Indus. Inc. v. Commissioner</u>, 108 T.C. at 330, 334-335. Consequently, we shall grant respondent's motion, as supplemented, and enter a decision consistent with the settlement reached between the parties.

To reflect the foregoing,

<u>An appropriate order</u>

<u>and decision will be entered.</u>